# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RECEIVED

2020 MAY -1  A 9:51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| DEBRA S. CHRISTOPHER, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. |
| WALMART, INC. | * | 1:20-cv-297 |
| FICTITIOUS DEFENDANTS 1 TO 19 | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      MIDDLE DISTRICT OF ALABAMA
      SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified as "Walmart, Inc.", gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama Southern Division. As grounds for this removal, Defendant shows as follows:

1.    An action was commenced against Wal-Mart in the Circuit Court of Houston County, Alabama, entitled "*Debra Christopher*, Pla*intiff v. Walmart, Inc. and Fictitious Parties 1-19*" Civil Action No. 38-CV-2020-900046 . The Complaint attached hereto as "Exhibit A" was filed in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Houston County, Alabama, service of the initial pleading setting forth Plaintiff's claims for relief was affected upon Wal-Mart on February 5, 2020, which was Wal-Mart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Middle District of Alabama, Southern Division, within thirty days of receipt by the Defendant of other papers setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Houston County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Alabama. In her Complaint, Plaintiff states that she is a resident of Alabama. (Complaint, ¶ 1.)

6. Walmart Inc. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a publicly traded company incorporated under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times

material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7. The presence of fictitious party defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (c).

8. Plaintiff's Complaint seeks unspecified actual/compensatory damages and punitive damages for severe injuries to Plaintiff, Debra Christopher, including personal injuries, past and future medical treatment and expenses, pain and suffering, and mental anguish; permanent injuries; and lost wages. (Complaint, ¶ 6).

9. In her Complaint, Plaintiff did not request a specific amount of damages. Therefore, on March 24, 2020, Wal-Mart propounded requests for admissions to Plaintiff as to the amount in controversy. On April 3, 2020, the Plaintiff filed her answers to Wal-Mart's requests for admissions denying that the damages did not exceed $75,000.00, denying that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs, and otherwise answering in a manner establishing that the jurisdictional amount in controversy had been met (Exhibits "B" and "C"). In addition, before this lawsuit was filed Plaintiff's counsel sent a demand to Wal-Mart dated July 11, 2019, alleging Plaintiff's medical expenses are in excess of $105,513.77 and seeking compensation for those expenses in addition to compensation for future medical expenses, permanent injury, pain and suffering, inconvenience, embarrassment, and mental anguish. (Exhibit "D").

10. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

11. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Houston County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

12. If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this April 30, 2020.



W. PEMBLE DELASHMET DEL010
wpd@delmar-law.com
CHAD C. MARCHAND MAR136
ccm@delmar-law.com
MIGNON M. DELASHMET DEL011
mmd@delmar-law.com
Attorneys for Defendants Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day April 30, 2020 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Jonathan W. Cooner
Shunnarah Injury Lawyers, PC
3626 Clairmont Avenue
Birmingham, AL  352222



OF COUNSEL