# EXHIBIT A

Case 1:20-cv-00297-ECM-JTA   Document 1-2   Filed 05/01/20   Page 2 of 12

2/3/2020 2:45 PM
38-CV-2020-900046.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

IN THE CIRCUIT COURT OF HOUSTON COUNTY

DEBRA S. CHRISTOPHER, )
an individual, )
 )
    Plaintiff, )
 )
v. ) CASE NO.: _____
 )
WALMART, INC., ) ***DEMANDS TRIAL BY JURY***
a foreign corporation, )

FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Debra S. Christopher and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Debra S. Christopher; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Debra S. Christopher, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those

entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Debra S. Christopher, as alleged in this lawsuit; No. 19, being the person, firm, partnership or corporation doing business as Walmart in Dothan, Alabama; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

Defendants.                                   )
                                              )

## COMPLAINT

1.      Plaintiff, Debra S. Christopher (hereinafter "Plaintiff"), is an individual resident citizen of Houston County, Alabama and is over the age of nineteen (19) years of age.

2.      Defendant, Walmart, Inc., (hereinafter "Walmart"), is a foreign corporation doing business in the State of Alabama and Houston County.

3.      At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor and/or walkways located on the defendant's premises in Dothan, Alabama; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding floor and/or walkway conditions that were hazardous to Plaintiff and other patrons in the restaurant in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the floor and/or walkway in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the floor and/or area used for travel by the patrons at the business in question and at issue in this lawsuit;

-2-

No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous floor and/or walkway conditions to be present on the premises in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the floor and/or walkway materials present on the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; No. 19, being that person, firm, partnership or corporation doing business as Walmart in Dothan, Alabama. Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

4. On or about the 19th day of February 2018, Plaintiff was an invitee of Walmart at 3300 South Oates St., Dothan, Alabama in Houston County, when Plaintiff suffered a fall resulting from the negligent/wanton action(s) and/or omission(s) of the owner(s) and/or employee(s) of Walmart.

5. Defendant Walmart, and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to his person by failing to maintain its premises and/or failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions. The Defendant, and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of Defendant Walmart, and were negligent and/or wanton in creating a hazard on the floor, ground, and/or walkway on the premises in the path of guests and/or invitees of Walmart.

6. As a proximate and direct result of the Defendants wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

   (a.) Plaintiff suffered severe injuries to her person including a fractured right hand;
   (b.) Plaintiff was caused and will be caused in the future to undergo medical treatment in and about an effort to cure and treat said injuries.
   (c.) Plaintiff has incurred and will incur in the future medical expenses in treatment of said injuries;
   (d.) Plaintiff has been caused and will be caused to endure great pain and suffering;
   (e.) Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;
   (f.) Plaintiff has been caused to be permanently injured;
   (g.) Plaintiff has been caused to suffer mental anguish;
   (h.) Plaintiff has been caused to suffer lost wages;
   (i.) Plaintiff has caused to suffer aggravation and or exacerbation to then existing conditions that he either did or did not know of at the time; and
   (j.) All other damages to which Plaintiff may be entitled.

## COUNT I - NEGLIGENCE

7. On or about the 19th day of February, 2018, Plaintiff was an invitee of Walmart in Dothan, Alabama in Houston County, when Plaintiff suffered a fall resulting from the negligent action(s) and/or omission(s) of the owner(s) and/or employee(s) of Walmart.

- 4 -

8.  Defendant Walmart, and one or more of the fictitious party defendants listed and described hereinabove, negligently caused or allowed Plaintiff to fall upon the floor, ground, and/or walkway on their premises and failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by guests, patrons or invitees. Further, Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their guests or invitees.

9.  As a proximate and direct result of Defendants wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

10. Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11. Defendant Walmart, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to fall upon the floor, ground, and/or walkway at their premises and failed to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, were wanton and/or reckless in creating a hazard of a dangerous material on the floor in the path of guests or invitees and were wanton and/or reckless in affirmatively creating a hazard of allowing hazardous and dangerous conditions and/or materials to be placed or allowed to remain on a route regularly used by its guests or invitees in a location that would likely lead to harm to its guests or invitees due to the location of the hazard.

-5-

12. Defendant Walmart, and/or one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly caused or allowed the hazard at issue in this lawsuit to be placed, or did place or allow to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to their guests or invitees and did cause injury to Plaintiff.

13. As a proximate and direct result of Defendant's wrongful conduct as specifically mentioned above, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

14. Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

15. Defendant Walmart, and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed dangerous materials and/or conditions to be placed or to remain upon the premises in an area that was used by its guests or invitees to move around the business.

16. At the aforesaid time and place, the Defendant, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to traverse common areas on the premises. Further, if any defects in their owned or leased premises existed, the Defendant, and/or the other fictitious party defendants as listed and described hereinabove had the duty to warn its guests, patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the guests, patrons, or invitees. Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place to traverse common areas on the premises and by failing to warn him of the hazard and/or defect which he encountered which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17. Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally,

willfully or by design caused injury to Plaintiff. The Defendants, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully caused or allowed the dangerous materials to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

18. Plaintiff alleges that the injuries and damages were caused as a direct and proximate consequence of the negligent, willful and/or wanton conduct and/or other wrongful conduct of the Defendants, and/or the fictitious party defendants listed and described hereinabove.

19. The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

20. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV - RESPONDEAT SUPERIOR AND AGENCY

21. Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

22. Plaintiff avers and alleges that Fictitious Defendant 1-19 was the agent and employee of Defendant Walmart, and consequently, Defendant Walmart, and/or other fictitious defendants, are liable for any negligent and/or wanton acts or omissions committed by Fictitious Defendant 1-19 while he or she was acting within the line and scope of their employment.

23. Fictitious Defendant 1-19 negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

-7-

24. Fictitious Defendant 1-19 was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

25. As a proximate consequence of the negligence and/or wantonness of Fictitious Defendant 1-19, Defendant Walmart, and/or other fictitious defendants, are liable to the Plaintiff for the damages set forth above in paragraph six (6) under the theories of respondeat superior and agency.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff hereby demands judgment against the Defendants, and/or other fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

Respectfully Submitted,

/s/ Jonathan W. Cooner
Jonathan W. Cooner (COO101)
*Attorney for Plaintiff*

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8156
(205) 983-8456- Facsimile

**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

Walmart, Inc.
Attn: CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

- 8 -

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>- CIVIL - | **Court Case Number**<br>38-CV-2020-900046.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**
**DEBRA S. CHRISTOPHER V. WALMART, INC.**

NOTICE TO: WALMART, INC., 2 NORTH JACKSON ST. STE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S).
JONATHAN WESLEY COONER
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVE. S., BIRMINGHAM, AL 35222
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEBRA S. CHRISTOPHER pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 02/03/2020 | /s/ CARLA H. WOODALL | By: CB |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JONATHAN WESLEY COONER
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____

*(Name of Person Served)*   *(Name of County)*   *(Date)*

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

*(Server's Printed Name)*   *(Phone Number of Server)*

AlaFile E-Notice

38-CV-2020-900046.00

To: WALMART, INC.
2 NORTH JACKSON ST.
STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

DEBRA S. CHRISTOPHER V. WALMART, INC.
38-CV-2020-900046.00

The following complaint was FILED on 2/3/2020 2:45:31 PM

Notice Date:    2/3/2020 2:45:31 PM

CARLA H. WOODALL
CIRCUIT COURT CLERK
HOUSTON COUNTY, ALABAMA
P.O. DRAWER 6406
DOTHAN, AL, 36302

334-677-4859

Carla Woodall
114 N. Oates St.
P.O. Drawer 6406
Dothan, AL 36302



Walmart Inc
2 N. Jackson St.
Ste 605
Montgomery, AL 36104