IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBRA S. CHRISTOPHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:20-cv-297-ECM |
| | ) | (WO) |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Debra Christopher ("Christopher") seeks compensatory and punitive damages pursuant to state law negligence and wantonness claims[1] against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") for personal injuries Christopher sustained when she fell in the Wal-Mart in Dothan, Alabama.  The Plaintiff alleges that Wal-Mart acted negligently, recklessly and wantonly in failing to maintain its premises in a reasonably safe condition.

Currently pending before the Court is the Defendant's motion for summary judgment (doc. 19).  After careful review of the Defendant's motion for summary judgment, the Plaintiff's response to the motion and the evidentiary materials, the Court concludes that the motion is due to be granted.

---

[1] Christopher also brought a claim of respondent superior against fictitious parties.  However, the Federal Rules of Civil Procedure generally do not provide for fictitious party practice as it is incompatible with federal procedure.  *See* Fed. R. Civ. P. 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties...").  Thus, to the extent that Christopher has a claim of respondent superior, it is due to be dismissed as it is only against fictitious parties.

## II.  JURISDICTION AND VENUE

The Court has diversity jurisdiction of this case pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama.  *See* 28 U.S.C. § 1391.

## III. SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court shall grant a motion for "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56).  The movant can meet this burden by presenting evidence demonstrating there is no dispute of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof.  *Id*. at 322–23.  Only genuine disputes about material facts will preclude the granting of summary judgment.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law."  *Redwing Carriers, Inc. v.*

*Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).

Once the movant has satisfied this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Non-movants must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A) & (B).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant.  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).  Likewise, the reviewing court must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson*, 477 U.S. at 255.  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

A reviewing court is constrained during summary judgment proceedings from making the sort of determinations ordinarily reserved for the finder of fact at a trial. *See Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (citations and quotations omitted) ("Credibility determinations, the weighing of the evidence, and the

3

drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

## III. DISCUSSION

### A. FACTS[2]

On February 19, 2018, Christopher went to the Wal-Mart store in Dothan, Alabama to exchange a billfold she had purchased previously. Christopher walked to the area where the billfolds were displayed and selected one. As she walked back towards the customer service desk, her foot hit something on the floor in the women's apparel area. She slid and fell on the floor, face first. Another customer helped Christopher up and indicated that Christopher had slipped on a hanger that was on the floor, under a clothes rack.

Christopher did not see the hanger before she fell, and she does not know how the hanger ended up on the floor. She does not know how long the hanger was on the floor, does not know whether any Wal-Mart employee knew the hanger was on the floor before she fell, and does not know whether a Wal-Mart employee was responsible for the hanger being on the floor. The first time Christopher saw the hanger was when another customer noticed the hanger on the floor after she fell.

---

[2] The facts are construed in a light most favorable to the non-movant.

Christopher suffered injuries to her wrist, requiring surgery. According to Christopher, her wrist is disfigured and has limited mobility.

## B. THE LAW OF PREMISES LIABILITY

Under Alabama law, a store is "under a duty to exercise reasonable care to provide and maintain reasonably safe premises" for its customers. *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). A store "is liable for injury only if [it] negligently fails to use reasonable care in maintaining [its] premises in a reasonably safe condition." *Id.* (internal quotations omitted)(brackets added). "This duty does not, however, convert a premises owner into an insurer of its invitees' safety." *K-Mart Corp. v. Bassett*, 769 So. 2d 282, 284-85 (Ala. 2000). The mere fact that an invitee is injured does not give rise to a presumption of negligence. *Riverview Reg'l Med. Ctr., Inc. v. Williams,* 667 So. 2d 46, 48 (Ala. 1995); *Hose v. Winn-Dixie Montgomery, Inc.*, 658 So. 2d 403, 404 (Ala. 1995).

> Actual or constructive notice of the presence of the substance must be proven before [a store] can be held responsible for the injury. Furthermore, the plaintiff[] must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive knowledge to [the store]; or (2) that [the store] had actual knowledge that the substance was on the floor; or (3) that [the store] was delinquent in not discovering and removing the substance.

*Maddox*, 565 So. 2d at 16 (brackets added). *See also Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala.1992).

In its motion for summary judgment, Wal-Mart contends that Christopher cannot establish that it had notice of the hanger on the floor before Christopher fell, nor did Wal-Mart or its employees cause the hanger to be there. Thus, according to Wal-Mart,

Christopher's negligence claim must fail.  (Doc. 20 at 5-6).  In response, Christopher argues that there are genuine issues of material fact about whether Wal-Mart "had constructive notice of the hazardous condition on which Ms. Christopher slipped and fell." (Doc. 22 at 4).

To preclude summary judgment on her claims, Christopher must do more than simply allege that she slipped and fell.

> The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees.  Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury.

*Cash*, 418 So. 2d at 876; *see also Vargo v. Warehouse Groceries Management, Inc.*, 529 So. 2d 986, 986 (Ala. 1988).  Christopher presents no evidence that Wal-Mart or its employees created the hazardous condition by leaving the hanger on the floor.  As such, she must offer evidence that Wal-Mart had notice of the hanger's presence on the floor in order for liability to attach.  *See Dunklin*, 595 So. 2d at 465; *see also, Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 864 (Ala. 2001) ("When the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard.  Under such circumstances, the courts presume notice.") (alteration in original; internal quotations omitted).

Christopher must demonstrate that there are genuine issues of material fact about whether Wal-Mart acted negligently or wantonly.  In so doing, she must present evidence. In opposition to the motion for summary judgment, Christopher submitted the transcript of

6

her deposition.  (Doc. 22-1).  However, in her brief in opposition to the motion for summary judgment, Christopher does not direct the Court to any specific testimony that supports her position that there are genuine disputes of material fact precluding summary judgment.

In fact, the evidence before the Court shows that Christopher has no knowledge of whether any Wal-Mart employee knew about the hanger being on the floor before she fell.

> Q:     All right.  Do you know how the coat hanger got on the floor?
>
> A:     No, sir, I do not.
>
> Q.     Do you know how long it had been on the floor?
>
> A.     No, sir, I do not.
>
> Q.     Okay.  Do you know if anybody at Walmart was responsible for it being on the floor?  In other words, they put it on the floor?
>
> A.     I don't think so.

(Doc. 22-1 at 102).

Christopher fails to point the Court to any evidence that Wal-Mart had actual notice of the hanger on the floor before she fell.  In addition, there is no evidence before the Court that Wal-Mart had constructive notice that the hanger on the floor.  Christopher does not offer any evidence that could establish how or when the hanger came to be on the floor, or that Wal-Mart knew or should have known it was there.

Christopher relies on *Mills v. Bruno, Inc.,* 641 So. 2d 777 (Ala. 1994) and *Horne v. Gregerson's Foods, Inc*., 849 So. 2d 173 (Ala. Civ. App. 2002) to assert that "a jury could reasonably infer that Wal-Mart and/or its employees knew, or should have known, of the

hazardous condition created by the clothes hanger." (Doc. 22 at 5).   These cases are distinguishable because, in both cases, a store employee was nearby or created each hazardous condition.   *Mills*, 641 So.2d at 779 ("From the fact that there was a Bruno's employee stocking shelves nearby in the aisle when [the plaintiff] slipped and fell, a jury could reasonable infer either the employee was responsible for the spill or that he knew of the spill."); *Horne*, 849 So. 2d at 175 ("[the defendant] failed to present any evidence indicating that the water on the floor was not caused by its own employee packing its produce bins with ice.").   Christopher presents no evidence from which a jury could infer that a Wal-Mart employee knew of the hanger on the floor, placed the hanger on the floor, or was near the area where the hanger was on the floor.   Thus, the Court concludes that Christopher has failed to demonstrate that there are genuine issues of material fact regarding Wal-Mart's actual or constructive notice of the hazard caused by the hanger on the floor.

Christopher also argues that she can avoid summary judgment by demonstrating that there was a defect in Wal-Mart's premises, specifically the clothes rack and hanger, which caused her injury.   (Doc. 22 at 6).   Wal-Mart counters that Christopher has failed to establish that the clothes rack or hanger were in any way defective.   (Doc. 23 at 4-5). Additionally, Wal-Mart argues that Christopher has not established that the hanger was in some way a fixture of the premises.   (*Id.*, at 5).   Christopher presents no evidence that the clothes rack or the hanger were defective, or that an employee of Wal-Mart somehow caused either to be defective.

Because Christopher has presented no evidence that a Wal-Mart employee created the allegedly defective condition, the Court looks to whether Christopher has offered any evidence that "the premise owner has failed to perform a reasonable inspection or maintenance of the premises to discover and remedy the defective condition." *Edwards v. Intergraph Servs. Co., Inc.*, 4 So. 3d 495, 503 (Ala. Civ. App. 2008). *See also Norris v. Wal-Mart Stores, Inc.*, 628 So. 2d 475, 478 (Ala. 1993). Christopher does not present any evidence that Wal-Mart failed to inspect or maintain the clothes rack, and she cannot merely rely on the pleadings to avoid summary judgment.

> An owner of a premises is not an insurer of the safety of its invitees, and the doctrine of res ipsa loquitur is not applicable to slip and fall cases. Neither does a presumption of negligence arise from the mere fact of an injury to an invitee. *Riverview Regional Medical Center v. Williams,* 667 So.2d 46 (Ala.1995). An owner will be liable only if it failed to use reasonable care in maintaining its premises in a reasonably safe manner.

*Flagstar Enterprises, Inc. v. Bludsworth*, 696 So. 2d 292, 294 (Ala. Civ. App. 1996). Because Christopher has failed to demonstrate that there exists a genuine issue of material fact regarding whether Wal-Mart had actual or constructive notice or otherwise failed to inspect or maintain the clothes rack, the Court concludes that summary judgment is due to be granted to the Defendant on the Plaintiff's negligence claim.

## C.  WANTONNESS CLAIM UNDER ALABAMA LAW

To be liable for wantonness under Alabama law, the defendant must act "with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6–11–20(b)(3). Although the Plaintiff submitted a brief in response to the Defendant's motion

for summary judgment, she does not refer the Court to any evidence or legal authority to support her wantonness claim.   The Plaintiff's failure to substantively address the wantonness claim or respond to the Defendant's argument on this issue acts as a concession that her wantonness claim does not survive the motion for summary judgment.   *See Celotex,* 477 U.S. at 322.

More importantly, however, the Court's independent evaluation of the sparse record before it demonstrates that it is devoid of any evidence that Wal-Mart acted wantonly.  The Plaintiff has not presented the Court with any evidence that Wal-Mart's failure to discover or remove the hanger from the floor constitutes wanton conduct.  The mere fact that an accident occurred, without evidence that the Defendant or its agents were conscious of the danger or the potential for injury, is insufficient to prove wantonness under Alabama law. Consequently, the Court concludes that Wal-Mart's motion for summary judgment on this claim is due to be granted.

## IV.  CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion for summary judgment (doc. 19) is GRANTED and this case is DISMISSED with prejudice.

A separate order will be entered.

DONE this 6th day of May, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE